**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MURREL MCQUEEN, Individually and
as Administrator of the Estate of
Ivory Virginia McQueen, Deceased,
<u>Plaintiff-Appellant,</u>

v.

MORRIS BEDSOLE, as Sheriff of
Cumberland County, North

No. 95-1033

Carolina; BOB CLARK, Individually
and as Lieutenant, Cumberland
County Sheriff's Department;
REGINA ROBERTSON, Individually and
as Deputy, Cumberland County
Sheriff's Department; CUMBERLAND
COUNTY, NORTH CAROLINA,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Fayetteville.
W. Earl Britt, District Judge.
(CA-93-55-3-BR)

Submitted: March 19, 1996

Decided: April 3, 1996

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Murrel McQueen, Appellant Pro Se. Bobby Grey Deaver, Fayette-ville, North Carolina; Douglas Edward Canders, CUMBERLAND COUNTY ATTORNEY'S OFFICE, Fayetteville, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Murrell McQueen appeals from the district court's orders granting judgment as a matter of law, pursuant to Fed. R. Civ. P. 50(a), to the Defendants in his 42 U.S.C. § 1983 (1988) action. McQueen sought damages from Cumberland County, Sheriff Morris Bedsole, and two of his deputies (Clark and Robertson) as a result of the shooting death of his wife, Ivory McQueen, during an attempt by the deputies to serve an involuntary commitment order on her on June 27, 1991.

Our review of the record and the transcript of the trial reveals no reversible error by the district court. McQueen failed to establish liability on the part of either Cumberland County or its Sheriff's Department with respect to the actions of the two deputies. See Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978) (doctrine of respondeat superior generally inapplicable to § 1983 suits); Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984), cert. denied, 470 U.S. 1035 (1985). Further, the evidence at trial, which was undisputed as to any material fact, established that Robertson and Clark were entitled to qualified immunity because a reasonable officer in their position could have believed that the use of deadly force was objectively reasonable in light of the circumstances. At the time of the shooting, Ivory McQueen had a butcher knife in her hand and was about to stab Deputy Clark, after just attacking and stabbing her sister and father.

2

See Tennessee v. Garner, 471 U.S. 1, 11 (1985) (police officer may use deadly force when "the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others."); see also Rowland v. Perry, 41 F.3d 167, 173 (4th Cir. 1994). Accordingly, we affirm the district court's orders granting judgment as a matter of law to all Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED